IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-542-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MAXIMUS FREDERICK and VISTAR MEDICAL CLINIC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

In this case, the court previously entered default judgment (D.E. 10) against defendant Maximus Frederick ("defendant") and issued a writ of execution (D.E. 15) against him on the judgment. The case is now before the court on defendant's motion (D.E. 21) to transfer the proceedings to Raleigh. Because this case is currently assigned to this court's Western division, which sits in Raleigh, defendant's motion to transfer is DENIED as moot.

Defendant also moves for a hearing on his claims for exemptions from execution, pursuant to 28 U.S.C. § 3202(d). (*See* D.E. 20). With the government's consent (D.E. 22), the request is ALLOWED.

The court will conduct the hearing requested on Thursday, 29 May 2014, at 2:30 p.m., in the Sixth Floor Courtroom of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. In accordance with § 3202(d), the issues before the court at the hearing "shall be limited--(1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

- (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d). Any submission a party may wish to provide to the court regarding the issues to be covered at the hearing shall be filed no later than 23 May 2014.

Although defendant filed the motion for a hearing when he was proceeding pro se, he is now represented by counsel. Accordingly, any prehearing submissions and any argument on defendant's behalf at the hearing shall be presented by his counsel.

SO ORDERED, this the 5th day of May 2014.

James E. Gates
United States Magistrate Judge